UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PERVENIA BROWN, <br><br>              Plaintiff, <br><br>     v. <br><br> HORIZON AIR, <br><br>              Defendant. | CASE NO. 2:24-cv-932 <br><br> ORDER DISMISSING PLAINTIFF'S COMPLAINT |

## 1. INTRODUCTION

This matter comes before the Court on Defendant Horizon Air's motion to dismiss Plaintiff Pervenia Brown's complaint. Dkt. No. 8. The Court has considered the papers submitted in support of and opposition to the motion, and being otherwise informed, and DISMISSES Brown's complaint for the reasons explained below.

## 2. BACKGROUND

Brown alleges that she suffered a back injury "due to the rough landing of Horizon Air Flight #2347" from Boise, Idaho to Seattle, Washington on January 23, 2021. Dkt. No. 4 ¶¶ 3-4. Although Brown does not specify any causes of action, she

ORDER DISMISSING PLAINTIFF'S COMPLAINT - 1

alleges that she "is legally entitled to recover" damages because of Horizon's "negligent rough landing[.]" *Id.* ¶ 7. She also alleges that Horizon Air owed her a "duty to use ordinary care in handling her claim[,]" but that it failed to cover "the full cost of [her] medical expenses" and pain and suffering. *Id.* ¶ 14-15. Brown seeks one million dollars "in compensatory damages for emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment in life." *Id.* ¶ 16.

### 3. DISCUSSION

**3.1  The Court lacks subject matter jurisdiction.**

Brown does not plead jurisdiction. Because federal courts have "limited jurisdiction," they presumably "lack jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (1991). Federal courts may possess either diversity or federal-question jurisdiction.

Diversity jurisdiction exists "where the amount in controversy" exceeds $75,000 and the parties are of diverse citizenship. 28 U.S.C. § 1332. Brown names only one Defendant, Horizon Air, headquartered in Washington. Dkt. No. 4 ¶ 2. Because Brown resides in Tukwila, Washington, *id.* ¶ 1, the parties are not diverse.

Federal-question jurisdiction covers "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To qualify, a federal question must be presented on the face of the complaint, not as an anticipated defense. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Courts call this requirement as the "well-pleaded complaint rule." 13D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3566 (3d ed.).

Although Brown does not identify specific causes of action, her claims sound in negligence. She says the flight ended in a "negligent rough landing" and Horizon Air owed her "a duty of ordinary care." Dkt. No. 4 ¶¶ 7, 14. The Federal Aviation Act (FAA) does not create a federal cause of action for personal injury suits, *Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir. 2009), and Brown raises no other relevant federal statute or standard. As a result, the Court reads Brown's claims to "replicate a garden variety state-law tort claims case[.]" *Brown v. Alaska Air Grp., Inc.*, No. CV-11-0091-WFN, 2011 WL 2746251, at *5 (E.D. Wash. July 14, 2011). Thus, Brown's complaint does not plead a federal question, and so she fails to establish subject matter jurisdiction under the well-pleaded complaint rule.

### 3.2 Even if the Court had subject jurisdiction over this matter, Plaintiff's claims are time-barred.

Brown alleges that she was injured on January 23, 2021. As noted above, the Court construes her claim as sounding in negligence. The statute of limitations for a negligence claim in Washington is three years. RCW 4.16.080(2). Brown filed her complaint on June 25, 2024, which was five months too late to be considered timely.

### 3.3 Amendment would be futile.

Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). Leave to amend would be

futile, as further factual embellishment would not cure the deficiencies identified above.

## 4. CONCLUSION

Accordingly, the Court DISMISSES Brown's complaint and directs the Clerk to close this case.

Dated this 1st day of November, 2024.

*[signature]*

Jamal N. Whitehead
United States District Judge